### DUTILLET vs. DUTILLET'S SYNDICS.

The act of 1813, in that part which requires the registry of marriage contracts, is constitutional.

APPEAL from the parish court of the parish and city of New-Orleans.

MARTIN, J. delivered the opinion of the court. The only question presented to us is the constitutionality of that part of the act of 1813, *chap.* 14, 1 *Martin's Digest*, 700, which requires marriage contracts heretofore passed, to be recorded within a year from the passage of the act, and declares, that such marriage contracts, as may not be recorded accordingly, shall thereafter have no effect, except between the parties thereto.

It is urged the *Civ. Code*, has provided that "the law disposes, for the future only; it cannot have any retrospective effect," *Civ. Cod*

**4, *art.* 7,** that the constitution of the state, and East'n. District.
*March* 1825.

DUTILLET
*vs.*
DUTILLET.S
SYNDICS. that of the United States, inhibit the passage of *expost facto* laws and of laws impairing the obligation of contracts.

We have not examined whether the act of 1813, be in opposition to the code; because if it be, it abrogates it, *leges posteriores, priores contrarias abrogant.*

It is settled by the highest judicial authority in these states that the expression, *ex post facto* laws, in the constitution of the United States, must be understood as confined to criminal cases, 3 *Dallas*, 386, and we think that its technical meaning is the one, in which the expression is used in the constitution of this state.

So, the question reduces itself to the inquiry whether the provision be void, as *impairing the obligations of a contract.*

On this point we cannot be aided by decisions of the British courts, and very little more by those of the French.

The power of the legislator over every article of property, in action or possession, and to make private rights yield to public exigencies is admitted; and, he who seeks to enforce his rights by law must submit to the regulations established by the legislator for the general welfare.

East'n. District.
*March* 1825.

DUTILLET
*vs.*
DUTILLET'S
SYNDICS.

Every civilized country has seen fit to establish some law prescribing a limited time, within which rights should be *asserted*. This law the civilians justly call *Patrona humani generis*. In this country, various terms are fixed, from one, to thirty years. This time does not impair the obligations of contracts, although it destroys the legality of such obligations, reducing them from legal and moral obligations to mere moral obligations. Public tranquillity requires that latent claims should not spring up, at distant times to destroy the tranquillity of individuals; that every creditor should disclose his demand in due time.

In the present case, the legislator has considered that there were in this state many latent or tacit mortgages, which greatly obstructed the commerce or mutation of property, that these concealed claims were often a snare to the unwary. They therefore, ordered, that in future, they should not exist; but, that the creditors of them should publicly announce them to the world by registering in an office to which easy access could be had. The standing claims could not be submitted to any regulation antecedent, but time was given for the holders of them to proclaim them

East'n. District,
*March* 1825.

DUTILLET
*vs.*
DUTILLET'S
SYNDICS.

to the world, and the obligation was imposed on them to register them. But as a law is ineffectual without a sanction, it was provided that the party, who should, in violation, conceal his claim by refusing or neglecting to record it, should not have any benefit of it, to the injury of third persons, of those who were not parties to the contract, in which such claim originated.

This appears to us a provision of the nature of an act of limitation, one which, according to our jurisprudence, does not impair the obligation of a contract.

If A. has promised to B. to pay him a sum of money, by a promissory note, a late law of this state says A. must sue, assert his claim against B. within a limited time or he will be barred; theretofore the time was thirty years, it is now reduced to six, and the law will operate six years after its promulgation, on notes executed long before it. Is not this adding and imposing a new condition, which was not thought of by the parties, at the time of the contract. Surely it is ; but it operates, it is said, on the *remedy* alone, the *legal* remedy. Take away the legal remedy from the legal and moral obligation of a contract, it is reduced, impaired to a mere *moral* obligation; and this

HARVARD
LAW SCHOOL
LIBRARY.

East'n District.
March 1825.

DUTILLET
vs.
DUTILLET'S
SYNDICS.

is right, because the legislature has thought public exigency demanded it. Now in the present case, the legislature, reviewing the evils resulting from certain claims being suffered to be concealed, has required not that they should be asserted by suits, within a limited time, but they should be recorded. This we consider the legitimate exercise of legitimate power. They had a right to compel holders of such claims to exhibit them to the public. They had also a right to compel obedience to their command, and a denial of any remedy against persons not parties to the contract, was the means they resorted to. They viewed it within the scope of their constitutional power.

If it clearly appeared to this tribunal that the constitutional barriers had been overleaped, it would become our duty, and we hope, we would have the firmness, to say so. We would lament the necessity of differing in opinion with the legislature of the state, but its opinion could not stand between our consciences and our God. We would respect it, but we would deliver our own. On the most mature reflection, we conclude it is our duty to give our aid to the execution of the law.

It is therefore ordered, adjudged and decreed that the judgment of the parish court be affirmed with costs.

*De Armas* for the plaintiff, *Dennis* for the defendant.